UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

THERESA GOODFELLOW,

                    Plaintiff,

        v.

ROCKET MORTGAGE, LLC,

                    Defendant.

No.  2:24-cv-001072-JAM-DMC

**ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Plaintiff Theresa Goodfellow and Defendant Rocket Mortgage, LLC's cross-motions for summary judgement.  See ECF Nos. 50-57, 59-61, 63-64, 66-67.  For the reasons detailed below, Defendant's motion is granted in part and denied in part, and Plaintiff's motion is denied.[1]

## I.  BACKGROUND

Plaintiff initiated this case in April 2024, then subsequently filed a First Amended Complaint, alleging five causes of action against Defendant.  See ECF Nos. 1, 22.  Plaintiff's claims stem from a loan Plaintiff received from Rocket Mortgage in conjunction with the purchase of a home in Shingletown, California ("the Property"), in 2020.  See ECF Nos.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g); ECF No. 68.

1

56, Defendant's Statement of Undisputed Facts and 61, Plaintiff's Response to D. SUF (collectively "St. of Facts") Nos. 1-2. In connection with the loan, a California Fair Plan Fire insurance policy was obtained for the Property. St. of Facts No. 3; see also ECF No. 50, Plaintiff's Memorandum of Points and Authorities in Support of Motion for Partial Summary Judgment ("P. MSJ") at pg. 2. Though an escrow account was set up to facilitate property tax and insurance payments, in the process of transferring the loan from origination to servicing, the fire insurance policy was inadvertently removed. See P. MSJ at pg. 1-2; ECF No. 52, Defendant's Memorandum of Points and Authorities in Support of its Cross-Motion for Summary Judgment and Opposition to Plaintiff's Motion for Partial Summary Judgment ("D. MSJ & Opp'n") at pg. 5; St. of Facts Nos. 5, 7. Toward the end of 2020, Plaintiff began the process of refinancing her loan through Defendant, which was completed in March 2021. St. of Facts Nos. 15-16.

Before the refinance was completed, Plaintiff received a notice of cancellation of the fire insurance policy, due to non-payment. P. MSJ at pg. 4; St. of Facts Nos. 13-14. Under the terms of the original loan, and the refinanced loan, Plaintiff was obligated to maintain fire insurance. See St. of Facts Nos. 20-24. While some of the details are disputed, it appears there was a misunderstanding by both parties regarding the fire insurance policy, which included a belief that a California Fair Plan Fire insurance policy was being paid from Plaintiff's escrow account, until Defendant discovered an escrow shortage and a lack of fire insurance in early 2022. See P. MSJ at pg. 2-3; D. MSJ &

2

Opp'n at pg. 6-8.  After Plaintiff failed to provide proof of maintaining fire insurance, in April 2022, Defendant obtained and placed fire insurance on the Property at an added cost to Plaintiff.  St. of Facts Nos. 39-45.  Plaintiff ultimately obtained a fire insurance policy, which she paid separately, and the lender placed fire insurance was cancelled.  Id. Nos. 47-50.

Later in 2022, an escrow analysis revealed another escrow shortage.  P. MSJ at pg. 3-4; St. of Facts Nos. 62, 64.  Though the escrow analysis also flagged a fire insurance lapse, this was incorrect and due to a software program problem.  P. MSJ at pg. 3; St. of Facts Nos. 51, 53-56.  This same software problem resulted in an inactive $1 "insurance policy" being added to Plaintiff's mortgage statement; according to Plaintiff, "[d]espite the present litigation, this issue still [presently] exists []."  Id.  Continuing into 2023, Defendant ran a number of escrow analyses.  P. MSJ at pg. 3; D. MSJ & Opp'n at 8. Following the refinance, Plaintiff's payment amounts fluctuated a number of times, which Defendant attributed to increases in property taxes.  See P. MSJ at pg. 3-4; D. MSJ & Opp'n at pg. 8-10.  Although Plaintiff received a notice of a new, higher monthly payment amount in February 2023, Plaintiff continued to make some payments throughout the year at a lesser amount; defendant also claims Plaintiff routinely waited until the 15th of the month to make these payments.  Id.  According to defendant, "as a result, . . . Plaintiff's 2023 payments were regularly insufficient to cover the entire monthly loan payment and when it was time to report Plaintiff's payment history for April, July, August and September 2023, Plaintiff was reported

late." D. MSJ & Opp'n at pg. 9. Plaintiff's position, however, is this reporting "was at best misleading if not technically inaccurate," since Plaintiff was only paying approximately $13 less than her billed monthly payment during most of 2013. P. MSJ at pg. 4. Plaintiff was "placed into collections[,] received harassing phone calls," and according to her declaration, "spent countless hours reviewing billing statements, escrow analyses, [] her credit report, [and] experienced extreme emotional distress manifesting in sleeplessness, anxiety, frustration, and impending doom related to her home being taken." P. MSJ at pg. 4. Defendants note Plaintiff did not suffer a fire-related loss, received several refunds from Defendant, benefitted from the refinance, and the drop in Plaintiff's credit score was the result of a number of other negative factors not attributable to Defendant. See D. MSJ & Opp'n.

## II. OPINION

Plaintiff moves for summary judgment on Count Eight - her claim under the Real Estate Settlement Procedures Act ("RESPA," 12 U.S.C. § 2601, et seq.). Plaintiff also moves this Court "to find that Rocket Mortgage reported inaccurate information for Fair Credit Reporting Act and California Credit Agencies Act purposes," asking to "set this matter for trial related to the reasonableness of the investigation that took place and damages." P. MSJ and ECF No. 60, Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Reply in Support of Plaintiff's Motion for Summary Judgment ("P. Opp'n & Reply"). Defendant opposes Plaintiff's motion and moves for summary judgment on all of Plaintiff's causes of action. D. MSJ & Opp'n and ECF No. 67,

Defendant's Reply in Support of its Cross-Motion for Summary Judgment ("D. Reply").  In reaching its ruling below on the parties' cross-motions for summary judgment, the Court has read and considered the parties' briefs, as well as the evidence submitted by the parties, including the documents filed and submitted under seal.  See ECF Nos. 50-57, 59-61, 63-64, 66-67.

   A.   Legal Standard

Summary judgment is appropriate when the record, read in the light most favorable to the non-moving party, indicates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962).  A genuine dispute of fact exists only if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  If the nonmoving party fails to make this showing, "[t]he moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quotations omitted); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'") (citing and quoting First Nat. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289 (1968)).

///

///

///

B.    Plaintiff's State Law Claims and Request for Punitive Damages

Defendant moves for summary judgment on Plaintiff's state law claims, Counts One and Two of the operative complaint, arguing they fail as a matter of law because there is no evidence of a fiduciary relationship or duty.  D. MSJ & Opp'n at pg. 26-29.  Plaintiff did not respond to Defendant's arguments in her opposition.  See P. Opp'n & Reply; D. Reply at pg. 10. The Court finds Defendant's arguments are meritorious.  See Spencer v. DHI Mortg. Co., Ltd., 642 F. Supp. 2d 1153, 1160-63 (E.D. Cal. June 30, 2009) (dismissing negligence and breach of fiduciary duty claims under California law holding, "Absent special circumstances a loan transaction is at arms-length and there is no fiduciary relationship between the borrower and lender," and "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature.") (internal quotations and citations omitted).

Defendant also moved for summary judgment on Plaintiff's punitive damages claims as to Counts One, Two, and Three; there was also no response to this argument in Defendant's motion by Plaintiff.  See D. MSJ & Opp'n at pg. 29-33; P. Opp'n & Reply; D. Reply at pg. 10.  The Court finds that Plaintiff's punitive damages claims as to Counts One and Two fail since the underlying claims do so as well, and Plaintiff has failed to demonstrate Defendant is "guilty of oppression, fraud, or malice," by clear and convincing evidence to support a punitive damages claim as to Count Three.  See D. MSJ & Opp'n at 29-33.

It is not the court's task "to scour the record in search

6

of a genuine issue of triable fact." Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996) (quotations and citation omitted). Instead, a court is entitled to rely on the nonmoving party to "identify with reasonable particularity the evidence that precludes summary judgment." Id. (quotations and citation omitted). Accordingly, based on Defendant's motion, Plaintiff's lack of response, and the record before the Court, Defendant's motion for summary judgment is granted as to Counts One and Two, Breach of Fiduciary Duty and Negligence, respectively, and as to Plaintiff's punitive damages claims. Accord Fed. R. Civ. P. 56(e)(3) (summary judgment may be granted "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . .").

C.    Plaintiff's CCRA and FCRA Causes of Action

Defendant moves for summary judgment on Plaintiff's Third and Fifth causes of action, under the California Consumer Credit Reporting Agencies Act (Cal. Civ. Code § 1785.25(a), "CCRA") and the Fair Credit Reporting Act (15 U.S.C. § 1681s-2(b), "FCRA"). Defendant avers Plaintiff's CCRA claim fails because there is either no evidence or minimal evidence of two essential elements: "incomplete or inaccurate" reporting and knowledge. See D. MSJ & Opp'n at pg. 21-25. Defendant also argues Plaintiff's FCRA claim fails because Plaintiff has not demonstrated a dispute by a borrower to a credit reporting agency, and without this showing, there is no separate private cause of action under the FCRA. Id. at 21.

Starting with Plaintiff's FCRA claim, "[t]he FCRA expressly creates a private right of action for willful or negligent

noncompliance with its requirements. [] However, § 1681s-2 limits this [] to claims arising under subsection (b), the duties triggered upon notice of a dispute from a [credit reporting agency]." Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1154 (9th Cir. 2009).  In her opposition to Defendant's motion for summary judgment, Plaintiff includes evidence that there was a dispute to a credit reporting agency, which was then received by Defendant.  P. Opp'n & Reply at pg. 8; see also ECF No. 64, Exh. A.  Defendant does not directly respond to this evidence and instead reiterates its initial argument that there is no private cause of action under the FCRA given the circumstances of this case.  D. Reply at pg. 8.  Plaintiff's evidence is sufficient to overcome Defendant's motion for summary judgment on this basis, since Plaintiff has demonstrated there is, at a minimum, a material dispute of fact regarding willful or negligent noncompliance with the FCRA, following the notice of dispute.  Accord Gorman, 584 F.3d at 1155.

Turning to Plaintiff's CCRA claim, Plaintiff focuses on the deposition testimony of Defendant's 30(b)(6) witness, Lauren Schmidt, to support her argument there is a genuine issue of material fact regarding Defendant's knowledge of the incomplete or inaccurate reporting.  P. Opp'n & Reply at pg. 9-10.  The CCRA imposes a number of obligations on Defendant related to credit reporting and responding to disputes by consumers, including disputes through a credit reporting agency.  See Carvalho v. Equifax Information Services, LLC, 629 F.3d 876, 889 (9th Cir. 2010).  While Defendant argues it established Plaintiff's payments were calculated correctly, thereby

defeating Plaintiff's CCRA claim because its reporting could not be inaccurate or incomplete as a matter of law, Plaintiff's reliance on deposition testimony, fluctuations in Plaintiff's payments, and the notices of dispute to a credit reporting agency, demonstrate there is a dispute of material fact regarding Plaintiff's CCRA claim.  Accordingly, Defendant's motion for summary judgment on this ground is also denied.  Fed. R. Civ. P. 56(a); Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970); U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962).

Given the disputes of material facts outlined above, Plaintiff's motion for summary judgment regarding her CCRA and FCRA claims is likewise denied.  Fed. R. Civ. P. 56.

D.    Plaintiff's RESPA Claim

Defendant moves for summary judgment on Plaintiff's Eighth cause of action, arguing Plaintiff cannot demonstrate she suffered actual damages, a required element of a RESPA claim. D. MSJ & Opp'n at 17-20.  Plaintiff claims emotional damages, alone, can satisfy the "actual damages" element of a RESPA claim, though acknowledges there is a split of authority supporting this theory.  P. Opp'n & Reply at pg. 7.  It is undisputed, however, that there is no evidence of any pecuniary or other damages, outside of Plaintiff's claim of emotional distress damages, underlying Plaintiff's RESPA claim.  See P. Opp'n & Reply at pg. 7; D. Reply at pg. 7-8.

A number of cases relied on by Plaintiff, including Hickcox v. Rocket Mortgage, LLC, involve both an identifiable monetary loss and emotional distress damages.  See Hickcox, No. 22-cv-00437, 2024 WL 871472 (E.D. Cal. Feb. 29, 2024) (declining to

grant summary judgment by separating out plaintiff's emotional damages from other quantifiable, economic damages).  In this case, separate from arguing Plaintiff's claim fails as a matter of law because it is based solely on emotional damages, Defendant correctly notes there is no evidence supporting Plaintiff's claim for emotional damages.  See D. Reply at pg. 7 ("Courts 'have disallowed RESPA claims for emotional distress that are conclusory and unsupported.'") (citing and quoting Tanasi v. CitiMortgage, Inc., 257 F. Supp. 3d 232, 270 (D. Conn. June 30, 2017)).  Plaintiff does not cite any evidence substantiating her claimed damages in this case; instead, she simply claims she "should be allowed to collect her emotional distress damages."  P. Opp'n & Reply at pg. 7.  It is well-established that "[a] conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." F.T.C. v. Publishing Clearing House, Inc., 104 F.3d 1168, 1171 (9th Cir. 1997) (citing Hansen v. United States, 7 F.3d 137, 138 (9th Cir.1993); United States v. One Parcel of Real Property, 904 F.2d 487, 492 n. 3 (9th Cir.1990)).  Accordingly, based on Defendant's motion, Plaintiff's failure to present any evidence in response as to an essential element (damages), and the record before the Court, Defendant's motion for summary judgment is granted as to Count Eight, Plaintiff's RESPA claim.  Accord Fed. R. Civ. P. 56(e)(3) (summary judgment may be granted "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact . . . .");  Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996)  Given this

finding, the Court need not reach any of the other arguments by the parties supporting and opposing summary judgment on Plaintiff's RESPA claim.

### III.   ORDER

For the reasons set forth above, the Court DENIES Plaintiff's motion for partial summary judgment.  Defendant's motion for summary judgment is GRANTED IN PART and DENIED IN PART, as follows:

1.   Summary judgment is granted as to Plaintiff's First and Second Causes of Action, for Breach of Fiduciary Duty and Negligence, respectively;

2.   Summary judgment is granted as to Plaintiff's punitive damages claims;

3.   Summary judgment is granted as to Plaintiff's Eighth Cause of Action, under RESPA; and

4.   Defendant's motion is denied as to Plaintiff's Third and Fifth Causes of Action, under the CCRA and FCRA, respectively.

IT IS SO ORDERED.

Dated: January 20, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE

11